IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OMAR GRAYSON,                ) | |
| ) | |
|       **Plaintiff,**         ) | |
| ) | |
| vs.                                        ) | CIVIL NO. 09-cv-335-MJR |
| ) | |
| JOHN EVANS, et al.,              ) | |
| ) | |
|       **Defendants.**        ) | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff Omar Grayson, formerly an inmate in the Big Muddy River Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. He seeks leave to proceed *in forma pauperis*, and the Court finds that Grayson is, in fact, indigent. Accordingly, this motion (Doc. 2) is **GRANTED**.[1]

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

---

[1] Grayson is no longer incarcerated, so the Court cannot assess and collect the filing fee pursuant to the statutory formula in 28 U.S.C. § 1915(b).

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this portions of this action are subject to summary dismissal.

## FACTS ALLEGED

Grayson alleges that in August 2008, he was sent to segregation for refusing to cut his hair. He states that he is a practitioner of the African Hebrew-Israelite religion, and one of the tenets of his faith requires him to grow his hair long. Due to his African ancestry, his hair naturally twists into dreadlocks as it gets longer. He explained all this to Defendant Schuler, who disregarded Grayson's protests, placed him in segregation, and issued a disciplinary ticket. After several days, Grayson's hair was cut off against his wishes.

## CLAIMS PRESENTED

From this scenario Grayson presents two claims. First, he asserts that Schuler's actions were taken in violation of his First Amendment rights to freely exercise his religion.

Incarcerated individuals retain the right to exercise their religious beliefs. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A prison regulation that infringes on inmates' Constitutional rights is valid "only if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). However, this does not mean that "these rights are not subject to restrictions and limitations." *Bell v. Wolfish,* 441 U.S. 520, 545 (1979). Prisoners do not "retain the same freedom to exercise their religion as they would in the world outside the prison, [but] they may

not be denied basic rights of conscience." *Thompson v. Commonwealth of Ky.,* 712 F.2d 1078, 1081 (6th Cir. 1983). A prison "need make only reasonable efforts to afford the inmates an opportunity to practice their faith." *Al-Alamin v. Gramley,* 926 F.2d 680, 687 (7th Cir. 1991). "In providing this opportunity, the efforts of prison administrators, when assessed in their totality, must be evenhanded." *Id.* at 686. "[W]hether inmates were deprived of 'all means of expression' [is] an important consideration in measuring the reasonableness" of the interference with free exercise. *Woods v. O'Leary,* 890 F.2d 883, 887 (7th Cir. 1989) (citing *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 352 (1987)).

Applying these standards to the allegations in the complaint, the Court is unable to dismiss this claim against Schuler at this time.

Grayson's second claim involves the disciplinary ticket. Apparently he was found guilty of the charges and punished with 12 days in segregation, two months at C-grade, two months restriction of yard privilege, and the loss of thirty days good conduct credit; Grayson asserts that this was done in violation of his Fourteenth Amendment rights to procedural due process.

A loss of good conduct credit does implicate a liberty interest because such a loss potentially affects the length of Grayson's sentence. However, the proper method for challenging the revocation of good time credit is habeas corpus, but only after Grayson has exhausted his remedies through the Illinois state courts. *See, e.g., Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994). The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner. *See Turner-El v. West,* 811 N.E.2d 728, 733 (Ill. App. 2004) (citing *Taylor v. Franzen*, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill.App. 1981)). The State of Illinois must first be afforded an opportunity, in a mandamus

action pursuant to 735 ILCS 5/14-101 *et seq.* to consider the merits of his claim. Accordingly, this claim is dismissed without prejudice to Grayson bringing his claims in a properly filed habeas corpus action, ***but only after he has exhausted his state court remedies***.

Accordingly, Grayson's claim regarding the disciplinary ticket will be dismissed from this action without prejudice.

**OTHER DEFENDANTS**

The Court notes that in addition to Schuler, Grayson has listed John Evans, William Payton, and William Hilliard as defendants in this action. However, he makes no allegations against any of these individuals, so they will be dismissed from this action with prejudice.

The reason that plaintiffs, even those proceeding pro se, for whom the Court is required to liberally construe their complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under Fed. R. Civ. P. 8 if it notifies the defendant of the principal events upon which the claims are based); *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000) ("notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery"). Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Accordingly, these defendants will be dismissed from this action with prejudice.

**APPOINTMENT OF COUNSEL**

Grayson also requests that the Court appoint him counsel (Doc. 3). There is no absolute right to appointment of counsel in a civil case. *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Peterson v. Nadler*, 452 F.2d 754 (8th Cir. 1971). When presented with a request to appoint counsel, the Court must make the following inquiries: "(1) has the ... plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d647, 854-55 (7th Cir. 2007). With regard to the first step of the inquiry, Grayson states only that he "mailed letters to different lawyers explaining [his] situation." For purposes of this discussion, the Court will credit Grayson with making at least *some* effort to retain counsel on his own.

With regard to the second step of the inquiry,"the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Id.* As discussed above, Grayson's claim regarding the cutting of his dreadlocks is not that factually complex. From a legal standpoint, the litigation of any constitutional claim falls in the range of complex. Nevertheless, based on the pleadings in this case, the Court concludes that – at this time – Grayson appears to be competent to litigate his case. Therefore, his motion for appointment of counsel is **DENIED**, without prejudice.

**DISPOSITION**

**IT IS HEREBY ORDERED** that the claim regarding the disciplinary ticket is **DISMISSED** from this action without prejudice.

**IT IS FURTHER ORDERED** that Defendants **EVANS, HILLIARD** and **PAYTON** are **DISMISSED** from this action with prejudice. Plaintiff is advised that, within the Seventh Circuit, dismissal of these claims and defendants count as a strike for purposes of § 1915(g). *See George v. Smith,* 507 F.3d 605, 607-08 (7th Cir. 2007); *Boriboune v. Berge,* 391 F.3d 852, 855 (7th Cir. 2004).

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendant **SCHULER**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendant **SCHULER** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.  If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant.  Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court.  He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is **ADVISED** of his continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED.R.CIV.P. 41(b).

    **IT IS SO ORDERED.**

    **DATED this 1st day of December, 2009.**

    **s/ Michael J. Reagan**
    **MICHAEL J. REAGAN**
    **United States District Judge**