IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OMAR GRAYSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 09-cv-0335-MJR |
| | ) |
| HAROLD SCHULER, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM AND ORDER

**REAGAN, District Judge:**

### I. Introduction and Factual/Procedural Background

In May 2009, Omar Grayson, an inmate then incarcerated at Big Muddy River Correctional Center, filed suit for deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983. Liberally construed, Grayson's complaint alleged (1) that his hair was cut off in violation of his First Amendment right to freedom of religion and (2) that he was given a disciplinary ticket and punished with two months at C-grade, two months restriction of yard privilege, 12 days in segregation and the loss of 30 days good conduct credit in violation of his Fourteenth Amendment right to procedural due process. On preliminary review, the undersigned Judge found that Grayson had stated a claim against Defendant Harold Schuler for violation of his right to religious freedom but dismissed without prejudice Grayson's due process claim because he had not exhausted his state court remedies.

On February 25, 2010, Schuler filed a motion to dismiss (Doc. 14), and, on

April 1, 2010, he filed a motion for summary judgment (Doc. 17). The motions were referred to United States Magistrate Judge Clifford J. Proud, who submitted a Report and Recommendation primarily directed to the motion for summary judgment on July 20, 2010. The Report recommends that Schuler's motion to dismiss be denied as moot and that Schuler's summary judgment motion be denied as to failure to exhaust administrative remedies but granted on grounds of qualified immunity. Grayson sought, and the Court granted, a motion for an extension of time to file an objection to the Report. On August 20, 2010, Grayson filed a timely objection.

Accordingly, the Court will undertake *de novo* review of the portions of the Report to which specific objection was made. **28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b); Southern District of Illinois Local Rule 73.1(b);** *Govas v. Chalmers***, 965 F.2d 298, 301 (7th Cir. 1992)**. The Court may accept, reject or modify the recommended decision, or recommit the matter to the Magistrate Judge with instructions. **FED. R. CIV. P. 72(b); Local Rule 73.1(b);** *Willis v. Caterpillar, Inc.***, 199 F.3d 902, 904 (7th Cir. 1999).**

II. <u>Standard for summary judgment</u>

Summary judgment is appropriate where the pleadings, discovery materials, and any affidavits show that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Turner v. The Saloon, Ltd.***, 595 F.3d 679, 683 (7th Cir. 2010);** *Durable Mfg. Co. v. U.S. Department of Labor***, 578 F.3d 497, 501 (7th Cir. 2009)(citing FED. R. CIV. P. 56(c)). Accord** *Breneisen v. Motorola, Inc.***, 512 F.3d 972 (7th Cir. 2008) (citing** *Celotex Corp. v. Catrett***, 477 U.S. 317, 322-23 (1986).**

In ruling on a summary judgment motion, the district court must construe all facts in the light most favorable to, draw all legitimate inferences in favor of, and resolve all doubts in favor of the non-moving party. *National Athletic Sportswear, Inc. v. Westfield Ins. Co.*, **528 F.3d 508, 512 (7th Cir. 2008)**. *Accord Reget v. City of La Crosse*, **595 F.3d 691, 695 (7th Cir. 2010)**; *TAS Distributing Co., Inc. v. Cummins Engine Co., Inc.*, **491 F.3d 625, 630 (7th Cir. 2007).**

When the non-moving party bears the burden of proof, he must demonstrate the existence of a genuine fact issue to defeat summary judgment. *Reget*, **595 F.3d at 695.** Stated another way, to survive summary judgment, the non-movant must provide evidence on which the jury or court could find in his favor. *See Maclin v. SBC Ameritech*, **520 F.3d 781, 786 (7th Cir. 2008).**

### III. Analysis

Without a doubt, First Amendment rights may be circumscribed in the prison setting. *See Turner v. Safley*, **482 U.S. 78, 89 (1987)**; *Pell v. Procunier*, **417 U.S. 817, 822 (1974)("a prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system.").** The United States Supreme Court has upheld (as reasonably related to legitimate penological interests) prison regulations which impinge on inmates' ability to practice their religious faith. *See O'Lone v. Estate of Shabazz*, **482 U.S. 342, 349 (1987).**

Stated another way, a prisoner is "entitled to practice his religion insofar as doing so does not unduly burden the administration of the prison," but, conversely, a

3

prison may enforce regulations that limit a prisoner's religious practices, if the regulations are "reasonably related to legitimate penological objectives." *Hunafa v. Murphy*, **907 F.2d 46, 47 (7th Cir. 1990) (quoting** *Reed v. Faulkner*, **842 F.2d 960 (7th Cir. 1988), and** *O'Lone*, **482 U.S. at 353)).**

Grayson objects to the Report's recommendation that Schuler is entitled to summary judgment based on qualified immunity. He asserts that Schuler was employed by the Illinois Department of Corrections (IDOC) for many years and rose to the rank of lieutenant. Grayson submits that Schuler works in Internal Affairs and knows that inmates have brought successful lawsuits against the IDOC for cutting off inmates' hair in violation of their religious beliefs. According to Grayson, he ate a specialized Hebrew vegan diet, attended Hebrew services and grew his hair long in adherence to his beliefs. Grayson asserts that these actions put Schuler on notice that forcing him to cut his hair would violate his right to religious freedom. Additionally, Grayson states that he told Schuler that he was growing out his hair because of his beliefs, referred Schuler to Biblical passages supporting his beliefs and went on a hunger strike to show his sincerity in his beliefs.

Grayson maintains that Schuler is not entitled to qualified immunity because his right to grow his hair because of his religious beliefs was clearly established in August 2008 when Schuler ordered his hair cut pursuant to the IDOC grooming policy.[1] Schuler

---

[1]The authority for the IDOC grooming policy is found at 20 Ill. Adm. Code 502.110 which provides,
    a) Committed persons may have any length of hair, sideburns, mustaches, or beards so long as they are kept neat and clean and do not create a security risk.

counters that it was not clearly established in August 2008 - and still is not established - that cutting an inmate's hair pursuant to the IDOC grooming policy violates the inmate's First Amendment rights.

A two-part test is used to resolve the issue of qualified immunity. Under this test, as originally set forth, the Court first determines whether the facts alleged, considered in the light most favorable to the party asserting injury, show that the officer's conduct violated a constitutional right. *Saucier v. Katz*, **533 U.S. 194, 201 (2001).** If the answer is yes, the Court then considers whether the constitutional right violated was firmly established at the time of the alleged injury, such that a reasonable officer would understand that his actions are in violation of that right. *Mannoia v. Farrow*, **476 F.3d 453, 457 (2007).** *Accord Alexander v. City of Milwaukee*, **474 F.3d 437, 444 (7th Cir. 2007)(To determine whether a defendant may avail himself of the defense of qualified immunity, the Court engages in a two step analysis: "We first ask whether a constitutionally protected right has been violated; if we determine that there has been such a violation, we examine whether this right was clearly established at the time of the violation.").** In 2009, the Supreme Court modified the test to allow a court to use its discretion in

---

b) If the growth, elimination, or color change of hair, mustache, sideburns, or beard significantly changes the individual's appearance, a new identification photograph shall be taken.
c) An individual who continuously changes his appearance and thereby interferes with the orderly function of the facility, or otherwise creates a security risk or a sanitation problem, may be required to abide by an individual grooming policy, at the discretion of the Chief Administrative Officer. **20 IL ADC 502.110**.

determining which of the prongs should be analyzed first. *Pearson v. Callahan*, **129 S.Ct. 808, 828 (2009)**. Here, it is appropriate to begin with the second prong of the test – whether the right alleged is "clearly established."

In *Baird v. Renbarger*, **576 F.3d 340 (7th Cir. 2009),** the Seventh Circuit analyzed the "clearly established" prong of the qualified-immunity inquiry as follows:

> [T]he right the official is alleged to have violated must have been "clearly established" in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent. **576 F.3d at 345 (citing *Anderson v. Creighton,* 483 U.S. 635, 640 (1987) (citation omitted)**.

In 2008, it would not have been apparent to a reasonable correctional officer that the application of the IDOC's grooming policy would violate an inmate's First Amendment rights. Indeed, the Seventh Circuit, in *Reed, supra,* **842 F.2d at 963,** upheld a similar grooming policy, reasoning that "[t]he regulation on hair length is plausibly supported by considerations of safety and security; a mundane but important point is that requiring prisoners to wear their hair short makes it harder for them to change their appearance, should they escape, by cutting their hair short." The Court also noted that other courts had upheld similar regulations against similar religious claims.[2] *Id.* **(citing**

---

[2]In March 2010, in the context of a claim brought pursuant to the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1, the Seventh Circuit upheld the IDOC's grooming policy as "the least restrictive means of furthering the prison's admittedly compelling interest in security." *Williams v. Snyder,* **367 Fed.Appx. 679,**

*Brightly v. Wainwright,* **814 F.2d 612 (11th Cir. 1987)** *(per curiam)*; *Hill v. Blackwell,* **774 F.2d 338 (8th Cir. 1985);** *Wilson v. Schillinger,* **761 F.2d 921, 924-29 (3d Cir. 1985);** *Dreibelbis v. Marks,* **742 F.2d 792 (3d Cir. 1984))**. Analogous restrictions on wearing religious headgear have also been upheld by the courts. *Young v. Lane*, **922 F.2d 370, 375-76 (7th Cir. 1991)(finding regulation disallowing wearing yarmulkes outside of cell justified by security concerns);** *Butler-Bey v. Frey*, **811 F.2d 449, 451 (8th Cir. 1987)(rejecting claim that prohibition on wearing of fez violates First Amendment);** *Benjamin v. Coughlin*, **905 F.2d 571, 578-79 (2d Cir. 1990)(holding prohibition against wearing crowns does not violate First Amendment).³**

In sum, because it was not clearly established in 2008 that the application of the IDOC's grooming policy would violate Grayson's First Amendment rights, Defendant Schuler is entitled to summary judgment on the grounds of qualified immunity.

**IV.   Conclusion**

For the foregoing reasons, the Court **ADOPTS in its entirety** Magistrate Judge Proud's Report and Recommendation (Doc. 32), **DENIES as moot** Schuler's motion

---

**682-83 (7th Cir. 2010).** At issue was an inmate's claim that his rights were violated when he was forced to cut his dreadlocks, which he wore in observance of his Rastafarian faith.

³*See also Bell v. Wolfish*, **441 U.S. 520, 546 (1979) ("maintaining institutional security and preserving internal order" are essential objectives);** *Jones v. North Carolina Prisoners' Labor Union, Inc.,* **433 U.S. 119, 132 (1977) ("The interest in preserving order and authority in the prisons is self-evident.");** *Pell v. Procunier*, **417 U.S. 817, 823 (1974) ("central to all other corrections goals is the institutional consideration of internal security....").**

to dismiss (Doc. 14) and **GRANTS** Schuler's motion for summary judgment (Doc. 17)on grounds of qualified immunity. The Clerk of Court shall enter judgment in favor of Defendant Harold Schuler and against Plaintiff Omar Grayson. This case is closed.

**IT IS SO ORDERED.**

DATED this  30th  day of August, 2010

 s/Michael J. Reagan
**MICHAEL J. REAGAN**
**United States District Judge**