IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OMAR GRAYSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 09-cv-0335-MJR |
| | ) |
| HAROLD SCHULER, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

On May 4, 2009, August 15, 2005, Omar Grayson filed an action for deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983. On August 30, 2010, the Court granted Defendant Harold Schuler's motion for summary judgment and that same day entered judgment in favor of Schuler and against Grayson (Docs. 44, 45). On September 27, 2010, Grayson filed a timely notice appealing that order and judgment (Doc. 46).

The Court construes Grayson's notice of appeal to include a request for leave to proceed *in forma pauperis* on appeal. There are three grounds for denying *in forma pauperis* status to a prisoner appellant: (1) the prisoner has not established indigence; (2) the appeal is in bad faith; or (3) the prisoner has three strikes. *See* **28 U.S.C. § 1915(a)(2)-(3), (g)**. Under Fed. R. App. P. 24(a), a party who has been granted leave to proceed *in forma pauperis* in the district court may proceed *in forma pauperis* on appeal without further authorization

unless the district court certifies that the appeal is not taken in good faith or determines that the party is otherwise not entitled to proceed *in forma pauperis.*

Since Grayson was allowed to proceed *in forma pauperis* in the underlying case, he retains his pauper status in the Court of Appeals unless there is a certification of bad faith. *See id.* **(citing Fed. R.App. P. 24(a)(3))**. A district court should not "apply an inappropriately high standard when making a good faith determination." ***Pate v. Stevens*, 163 F.3d 437, 439 (7th Cir. 1998)**. An appeal taken in "good faith" is one that demonstrates "that the issues are debatable among jurists of reason; that a *court* could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Id.* **(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983) (internal quotations and citations omitted) (brackets and emphasis in original)**.

The Court cannot determine based on Grayson's notice of appeal what issues he intends to raise on appeal or what he intends to argue. After all, "a notice of appeal is not supposed to contain grounds or argument." *Celske v. Edwards,* **164 F.3d 396, 398 (7th Cir. 1999) (citing Fed. R.App. P. 3(c) and Forms App. Form 1;** *Smith v. Barry,* **502 U.S. 244, 247-49 (1992);** *Librizzi v. Children's Memorial Medical Center,* **134 F.3d 1302, 1306 (7th Cir. 1998))**. In granting summary judgment in this matter, the Court carefully considered whether Defendant Schuler was entitled to qualified immunity with regard to the application of the Illinois Department of Corrections' grooming policy. However, Grayson should be allowed to give reasons why his appeal is in good faith.

Accordingly, the Court **ORDERS** Grayson - by **October 22, 2010** - to submit a statement of his grounds for appealing. The Court advises Grayson that, on the basis of his response, the Court will make its assessment on the issue of good faith and, in accord with that assessment, determine whether he should be allowed to proceed *in forma pauperis* on appeal.

       **IT IS SO ORDERED.**

       **DATED this 1st day of October, 2010**

                                     **s/Michael J. Reagan**
                                     **MICHAEL J. REAGAN**
                                     **United States District Judge**